IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| **TERRY SZYMANSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:15-11621 |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 29, 2015, Plaintiff, acting *pro se* and incarcerated at FCI Beckley located in Beaver, West Virginia, filed his Complaint claiming entitlement to relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq*.[1] (Document No. 1.). Plaintiff names the Federal Bureau of Prisons as the Defendant. (Id.) In his Complaint, Plaintiff alleges that the Federal Bureau of Prisons is responsible for the loss of his personal property. (Id.) Plaintiff explains that "[w]hen I was taken to the property room in the SHU, we found out that my radio and batteries were stolen." (Id.) As relief, Plaintiff requests monetary damages. (Id.)

**STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

Plaintiff asserts a negligence claim under the Federal Tort Claims Act against Federal Bureau of Prisons. Such claims are appropriately raised against the United States under the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 2671-2680. An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963). The FTCA provides at Section 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

The FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). The statute merely waives sovereign immunity and "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id. Section 2680, however, exempts from the waiver certain categories of claims.

2

See 28 U.S.C. §§ 2680(a)-(n). Section 2680(c) provides that the waiver of immunity in Section 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." In Ali v. Federal Bureau of Prisons, 552 U.S. 214, 228, 128 S.Ct. 831, 841, 169 L.Ed.2d 680 (2008), the United States Supreme Court held that "Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers." Ali v. Federal Bureau of Prisons, 552 U.S. 214, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). Thus, FTCA actions involving the detention or mishandling of personal property by prison officials are subject to dismissal. See Perkins v. Deboo, 2009 WL 1650443 (N.D.W.Va. June 11, 2009)(plaintiff's FTCA claim seeking reimbursement for loss of personal property dismissed based upon Section 2680(c)); Mathis v. U.S., 2008 WL 2922798 (D.S.C. July 24, 2008)(plaintiff's FTCA claim that prison officials were negligent in transferring his personal property was dismissed based upon Section 2680(c)); Wadley v. Warden, 2008 WL 2455445 (W.D.Va. June 16, 2008)(FTCA claim that prison officials were negligent in seizing and destroying his tennis shoes was dismissed based upon Section 2680(c)). The undersigned finds that Plaintiff's claim that prison officials were negligent in the retention of his personal property falls squarely within the "detention exception" as set forth in Section 2680(c). Accordingly, Plaintiff's FTCA claim must be dismissed.[2]

---

[2] To the extent Plaintiff is alleging a violation of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the undersigned will briefly address the merits of his claim. Courts deem inmates' claims respecting prison officials' intentional deprivation of their property cognizable under *Bivens* to the extent that due process rights are implicated. Although Defendant may have failed to prevent the loss of Plaintiff's personal property in the instant case, the undersigned finds that the circumstances do not implicate a violation of Plaintiff's constitutional rights. Plaintiff had

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger

---

meaningful post-deprivation remedies through the BOP's Administrative Remedies Program. *See Manning v. Booth*, 2005 WL 1200122, *2 (D.Md.)("In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy."); *Bigbee v. United States*, 359 F.Supp.2d 806 (W.D. Wis. 2005); *cf. Laury v. Greenfield*, 87 F.Supp.2d 1210, 1214 - 1215 (D.Kan. 2000), *quoting Burton-Bey v. United States*, 100 F.3d 967, 1996 WL 654457 (10th Cir.(Kan.))(Defendants negligent or intentional deprivation of plaintiff's property does not violate due process if there is a meaningful post-deprivation remedy for the loss.) Accordingly, Plaintiff's due process claim must be dismissed.

and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: September 21, 2015.

R. Clarke VanDervort
United States Magistrate Judge